UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| RONALD DAWSON, | : | Case No. 2:24-cv-1114 |
| Petitioner, | : | |
| vs. | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Caroline H. Gentry |
| WARDEN, MANSFIELD CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Mansfield Correctional Institution, in Mansfield, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2000 Franklin County, Ohio, convictions for aggravated murder, murder, attempted aggravated murder, felonious assault, aggravated burglary, and related specifications. (Doc. 2).

On March 18, 2024, the Court ordered petitioner to show cause why the petition should not be transferred to the Sixth Circuit Court of Appeals as second or successive because petitioner had previously challenged in federal court his Franklin County convictions. (Doc. 4). Petitioner has now filed his response to the show-cause order. (Doc. 5). He has also filed a motion for evidentiary hearing. (Doc. 3).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must conduct a preliminary review to determine "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. foll § 2254.

Here, for the reasons below, it plainly appears that petitioner is not entitled to relief from the District Court, and, thus, the undersigned **RECOMMENDS** that this action, as well as the pending motion, be **TRANSFERRED** to the United States Court of Appeals as a second or successive habeas corpus application seeking relief under § 2254.

## BACKGROUND

> On April 28, 2000, the Franklin County Grand Jury issued a thirteen count indictment against defendant charging him with two counts of aggravated murder, five counts of attempted aggravated murder, five counts of felonious assault, and one count of aggravated burglary. The two counts of aggravated murder were accompanied by capital specifications, while all counts carried firearm specifications.
>
> At trial, the state relied upon the testimony of several individuals who were present at the time of the shooting, and who identified defendant as the man who shot and killed James McKinney. On August 4, 2000, a jury returned a verdict finding defendant guilty of aggravated murder, and murder, as well as guilty of the eleven remaining counts and specifications. Following his mitigation hearing, defendant was sentenced to thirty years to life for aggravated murder, ten to twenty-five years for the five counts of attempted aggravated murder, ten to twenty-five years for aggravated burglary, and one to three years on the firearm specifications. Each of these sentences were ordered to run consecutively . . . .

*State v. Dawson*, No. 00AP-1052, 2001 WL 1568406, at *1 (Ohio App. 10th Dist. Dec. 11, 2001). The Ohio Court of Appeals affirmed his convictions, *see id*. at *13, and the Ohio Supreme Court denied further review. *State v. Dawson*, 765 N.E.2d 877 (Ohio 2002) (Table).

Following his unsuccessful appeal to the state courts, petitioner challenged his convictions in this Court by filing a writ of habeas corpus pursuant to § 2254. *See Dawson v. Warden*, No. 2:03-cv-122 (Frost, J.; Abel, M.J.) (S.D. Ohio Apr. 26, 2004). There, petitioner asserted the following six grounds for relief:

> 1. Mr. Dawson was deprived of his right to a fair trial, when the State was permitted to introduce overwhelming evidence of his alleged involvement in a street gang, when the "gang evidence" was not tied to the offenses alleged in the indictment, in contravention of the Fifth and Fourteenth Amendments to the United States Constitution.

2

> 2. Mr. Dawson was denied his right to confrontation when the trial court erroneously admitted into evidence a hearsay statement of a deceased witness, which was critical to the State's case, but did which did not meet any exception to the hearsay rule, in contravention of the Sixth and Fourteenth Amendments to the United States Constitution.
>
> 3. Mr. Dawson was deprived of his right to due process of law, based on the State's violation of the rules governing the timely disclosure of evidence, in contravention of the Fifth and Fourteenth Amendments to the United States Constitution.
>
> 4. Mr. Dawson's conviction was obtained in contravention of his right to be free from self-incrimination, when the trial court admitted into evidence his custodial statement to the police, which was obtained without first having provided Mr. Dawson with an explanation of his rights, as required under Miranda v. Arizona, 384 U.S. 436 (1966), and the Fifth and Fourteenth Amendments to the United States Constitution, and without first obtaining a knowing, intelligent, and voluntary waiver of his rights from Mr. Dawson.
>
> 5. Instances of misconduct by the State's attorneys deprived Mr. Dawson of his right to a fair trial as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.
>
> 6. Mr. Dawson was deprived of his right to the effective assistance of trial counsel, when counsel made critical, prejudicial errors during the course of this trial, in contravention of the Sixth and Fourteenth Amendments to the United States Constitution.

*See* Case No. 2:03-cv-122 (Doc. 21, at PageID 242). This Court denied the petition, after finding that petitioner's claims were without merit, *id.* (Docs. 21, 27-28), and denied a certificate of appealability. *Id*. (Doc. 34). The Sixth Circuit Court of Appeals also denied a certificate of appealability. *See id.* (Doc. 37) (containing copy of the Sixth Circuit's Order).

In the instant § 2254 habeas corpus petition, petitioner's second, petitioner raises the following four grounds for relief:

> 1. Trial Court erred in allowing the jury to hear Nelson "Ace" Price's excited utterance evidence in contravention of the Confrontation Clause.
>
> 2. Prosecution failed to provide the jury with full details of witness Hobbs criminal history, which could have impeached her.

    3.      Trial Court erred by allowing prejudicial gang evidence.

    4.      Repeated denials of mistrial requests.

(Doc. 2, at PageID 5, 7-8, 10).

Petitioner also raises four additional claims in his memorandum of law filed in support of the petition: "The Absence of Physical Evidence," "Uncertainty in Witness Identification," "The Admissibility of the Phone Conversation," and "Ineffective Assistance of Counsel." (Doc. 2-1, at PageID 31-39). Given petitioner's *pro se* status, the Court considers these claims to be part of the petition for purposes of determining whether the petition is second or successive under 28 U.S.C. § 2244(b).

## ANALYSIS

"Federal law generally gives habeas petitioners one shot to pursue their claims in federal court. For petitions filed after the first one—'second or successive' petitions in the language of the statute—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(A)). "To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." *Banister v. Davis*, 590 U.S. 504, 509 (2020) (citing 28 U.S.C. § 2244(b)(3)(C), (b)(1) and (b)(2)); *see also Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). The determination of whether a habeas

application is second or successive, however, is committed to the District Court in the first instance. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

"[N]ot all petitions filed second in time are 'second or successive'" and thus subject to the restrictions of § 2244(b). *In re Hill*, 81 F.4th 560, 568 (6th Cir. 2023) (en banc), *cert. denied*, No. 23-6276 (May 13, 2024). The Sixth Circuit has recently reiterated that:

> A second-in-time petition is not considered second or successive when (1) the second petition challenges a new state-court judgment; (2) the proposed claim would have been unripe at the time of the original petition; or (3) the proposed claim was not decided on the merits because it was dismissed as unexhausted. [*In re Hill*, 81 F.4th] at 568-69; *see In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017).

*In re Gutierrez*, No. 23-2004, 2024 WL 3333932, at *1 (6th Cir. Apr. 11, 2024), *petition for cert. filed*, No. 24-5 (July 3, 2024).

The instant petition does not meet the above exceptions. First, petitioner challenges the same judgment that was at issue in his first habeas case. (*See* Doc. 2, at PageID 1, 3). Second, the claims asserted in the petition were ripe at the time of the initial lawsuit, as the alleged conduct underlying each of his claims would have occurred before petitioner filed the first action. Indeed, it appears that at least some of the claims (Grounds One and Three of the petition (Doc. 2, at PageID 5, 8) and the ineffective-assistance-of-counsel claim in his supporting memorandum of law (Doc. 2-1, at PageID 38-39) duplicate claims previously presented in the first petition.

Nor does petitioner meet the third exception for unexhausted claims, as his claims in the first actions were denied on the merits. "The exception for unexhausted claims is meant to allow a petitioner to return to federal court when he has had some of his § 2254 claims dismissed as unexhausted[.]" *In re Gutierrez*, 2024 WL 3333932, at *1 (citing *Slack v. McDaniel*, 529 U.S. 473, 485-87 (2000); *In re Coley*, 871 F.3d at 457). This "is not the case here." *Id*.

5

Because the petition is second or successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit. When a prisoner has filed a second or successive habeas petition in the District Court without first obtaining authorization from the Court of Appeals, the District Court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

**IT IS THEREFORE RECOMMENDED THAT:**

Because this Court lacks jurisdiction in this matter involving a second or successive petition, within the meaning of 28 U.S.C. § 2244(b), petitioner's habeas corpus petition (Doc. 2), supporting memorandum of law (Doc. 2-1), and pending motion for evidentiary hearing (Doc. 3) be **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b) as a second or successive habeas corpus application seeking relief under 28 U.S.C. § 2254. *See Dangerfield v. Warden, London Corr. Inst.*, No. 1:19-CV-755, 2019 WL 7020386, at *3 (S.D. Ohio Dec. 20, 2019), *report and recommendation adopted*, No. 1:19-CV-755, 2020 WL 3403212 (S.D. Ohio June 19, 2020) (transferring pending motions along with successive petition to Sixth Circuit).

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral

6

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

September 3, 2024  /s/ *Caroline H. Gentry*
CAROLINE H. GENTRY
United States Magistrate Judge