UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Ronald Dawson,**

    **Petitioner,**

    v.

**Warden Mansfield Correctional Institution,** *Harold May*

    **Respondent.**

**Case No. 2:24-cv-1114**

**Judge Michael H. Watson**

**Magistrate Judge Gentry**

## OPINION AND ORDER

Petitioner filed a petition for a Writ of Habeas Corpus ("Petition"), ECF No. 2, challenging his 2000 conviction in state court for, *inter alia*, aggravated murder. The Magistrate Judge notes that Petitioner previously sought habeas relief on the same judgment, *see* Case No. 2:03-cv-122, concludes the Petition qualifies as second or successive, and recommends the Court therefore transfer it to the United States Court of Appeals of the Sixth Circuit. Report & Recommendation ("R&R"), ECF No. 6. Petitioner timely objects. Obj., ECF No. 7.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews de novo those portions of the R&R that were properly objected to.

This Court cannot consider second or successive habeas petitions without authorization from the Sixth Circuit. 28 U.S.C. § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). This Court, however, determines whether

a second-in-time petition *is* second or successive for habeas purposes. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

If the Court determines a second-in-time petition is second or successive, it must transfer that petition to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the sixth circuit] pursuant to 28 U.S.C. § 1631."). The Sixth Circuit will then determine whether to authorize its fling. *See* 28 U.S.C. §§ 2244(b)(3), 2244(b)(3)(C), 2244(b)(2). Accordingly, this Court has jurisdiction to consider only whether the Petition *is* second or successive; it does not consider whether, if it is second or successive, Petitioner should be authorized to file it.

There are three instances in which a second-in-time petition is not second or successive for purposes of § 2244:

> First, when a second petition raises a claim that challenges a new state-court judgment—that is, not the one challenged in the first petition—the petition is not "second or successive." Second, a second petition containing a claim—whether presented or not in the first petition—that would have been unripe at the time of the filing of the first petition is not "second or successive." Third, when a second petition contains a claim that, though raised in the first petition, was unexhausted at that time and not decided on the merits, the petition is not "second or successive."

*In re Hill*, 81 F.4th 560, 568 (6th Cir. 2023) (cleaned up).

Here, Petitioner does not argue that he challenges a new state-court judgment; nor does he contend any claims in the Petition were unexhausted at the time of the first petition. Rather, Petitioner argues the claims asserted in this Petition

"are based on newly discovered evidence that was not available at the time of Petitioner's initial habeas filing" such that they "were not ripe for review until now[.]" Obj. 2, ECF No. 7. As shown below, that framing of the issue conflates various principles, and the Petition is second or successive.

With respect to ripeness, if a claim in a second-in-time petition was already included in a prior petition, the claim was previously ripe. *In re Hill*, 81 F.4th at 569, *cert. denied* 144 S. Ct. 2531.

Moreover, a claim that was not included in an original petition was nonetheless ripe at the time the original petition was filed if "the events giving rise" to the new claim had already occurred when the original petition was filed. *In re Hill*, 81 F.4th at 570 (citation omitted). And, when a claim is based on events that occurred at the trial, it was ripe for an original petition, even if the petitioner seeks to support that claim with evidence that was not available when the original petition was filed. *See id.* at 570–72 ("Hill presents new evidence—evidence that wasn't available to him at the time of trial. And on the new evidence, he raises a new claim . . . . But that claim has always been ripe because the factual predicates for the claim occurred at the trial."); *In re Wogenstahl*, 902 F.3d 621, 627 (6th Cir. 2018) ("[H]is claims were not unripe at the time he filed his initial petition because the purported *Brady* violations and defense counsel's ineffectiveness—the predicates underlying [petitioner's] current claims—had already occurred when he filed his petition, although [petitioner] was unaware of these facts." (citation omitted)).

These two principles show the Petition is second or successive. The first and third grounds for relief in the Petition—that the trial court's admission of Nelson

Price's hearsay statement as an "excited utterance" violated Petitioner's right to confront the witnesses against him and that the trial court's admission of evidence concerning Petitioner's gang membership deprived Petitioner of his right to due process—were included in the original petition. *Compare* Petition, ECF No. 2 at PAGEID # 5, 8; ECF No. 2-1 at PAGEID # 19–26, 28–30 (Case No. 2:24-cv-1114) *with, e.g.*, Reply Br., ECF No. 20 at PAGEID # 119–30 (Case No. 2:03-cv-122). The judge adjudicated those claims on the merits. R&R, ECF No. 21 at PAGE # 243–55; Order, ECF No. 27 (Case No. 2:03-cv-122). These two claims are therefore plainly second or successive.

This Petition does raise additional claims that were not included in the original petition. Namely, claim two argues that the prosecution "fronted" certain criminal convictions of its witness, Yalonda Hobbs ("Hobbs"), but failed to front other, more serious convictions, violating Petitioner's due process right to a fair trial. Petition, ECF No. 2 at PAGEID # 7; ECF No. 2-1 at PAGEID # 20, 26–28.

Claim four argues the trial court erred in denying multiple motions for a mistrial, violating Petitioner's due process right to a fair trial. Petition, ECF No. 2 at PAGEID # 10; ECF No. 2-1 at PAGEID # 20, 30–31.

Claim five contends the lack of physical evidence tying Petitioner to the crimes renders the evidence insufficient to sustain his conviction, in violation of his due process right to a fair trial. Petition, ECF No. 2-1 at PAGEID # 20, 31–33.

Claim six is closely related to claim five and argues that the State's case rested on unreliable eyewitness identification, again rendering the evidence

insufficient to sustain Petitioner's conviction. Petition, ECF No. 2-1 at PAGEID # 21, 33–35.

Claim seven contends the trial court improperly admitted different unreliable evidence—a "phone conversation regarding the Mac-11"—which rendered the evidence insufficient to support his conviction, in violation of his due process right to a fair trial. Petition, ECF No. 2-1 at PAGEID # 21, 35–37.

Claim eight contends Petitioner was denied his Sixth Amendment right to the effective assistance of counsel when his trial counsel refused to implement his preferred trial strategies and failed to investigate a defense.[1] Petition, ECF No. 2-1 at PAGEID # 37–39.

But each of those newly raised claims rests on perceived errors that occurred during or immediately after the trial (or, in the case of counsel's alleged failure to investigate, before trial). For example, by definition, Hobbs' prior convictions occurred *prior* to Petitioner's trial, and the failure to introduce any of those convictions for impeachment purposes occurred *during* the trial. The introduction of eyewitness testimony and the "Mac-11" phone call occurred during trial, as did counsel's failure to incorporate Petitioner's suggestions. The conviction based on a

---

[1] Petitioner included an ineffective assistance of counsel claim in his original petition, but the gravamen of that claim was different. *Compare* Petition, ECF No. 2-1 at PAGEID # 37–39 *with* Reply, ECF No. 20 at PAGEID # 143–48 (Case No. 2:03-cv-122). The Court thus considers the Petition's ineffective assistance claim a "new" claim. *See Franklin v. Jenkins*, 839 F.3d 465, 474 (6th Cir. 2016) (the presentation of new facts alters the substance of a petitioner's claim, creating a "new claim for purposes of 28 U.S.C. § 2244(b)(1) only where the gravamen of a petitioner's argument is different." (cleaned up)); *In re Hill*, 81 F.4th at 570, n.9 ("This challenge . . . is not the same as his new due-process claim. And it's that fact—not just the fact that Hill is putting forth new evidence—that makes his due-process claim a new claim." (citation omitted)).

lack of physical evidence occurred immediately after the trial, and the trial court's denial of motions for mistrials presumably occurred throughout or immediately after the trial (in any event well before Petitioner's original habeas petition was filed). The factual predicate for each of these claims was therefore ripe when Petitioner filed his original petition, rendering the instant Petition second or successive vis-à-vis those newly asserted claims.

Petitioner disagrees, arguing the claims were not ripe at the time of the original petition because they are based on newly discovered *evidence*. *See generally*, Obj., ECF No. 7. But his objection does not explain how the factual predicate for the above claims came into existence after the original petition was adjudicated. Instead, the objection focuses entirely on claims that are *not included* in the instant Petition. *See* Obj., ECF No. 7 (arguing, *inter alia*, Brady/Gilgio violations, a *Napue* violation, and alleging prosecutorial misconduct—none of which are contained in the Petition). And, significantly, the objection fails to show that even *those* claims were unripe at the time of the original petition. Instead, the objection conflates the ripeness standard (for concluding a second-in-time petition is not "second or successive") with the "newly discovered factual predicate"[2] standard (for authorizing the filing of a second or successive petition).

---

[2] Actually, the objection goes one step further and conflates the "existing factual predicate could not have been discovered previously with the exercise of due diligence" standard (which is sufficient to authorize a second or successive petition under 28 U.S.C. § 2244(b)(2)(B)(i)) with "newly discovered evidence supporting a previously existing (adjudicated or not) claim" (which does not satisfy the standard for permitting a second or successive petition). *Cf. Franklin*, 839 F.3d at 476 ("The fact that he now offers more evidence in support of that ultimate conclusion does not change matters; we

In sum, upon de novo review, the Court concludes the Petition is second or successive in its entirety. *See In re Wogenstahl*, 902 F.3d at 628 (finding a petition second or successive where it raised claims that were not raised in the first petition, and were based on newly discovered evidence, but the factual predicate for those claims existed at the time of the first petition); *In re Hill*, 81 F.4th at 569 ("When a second-in-time petition raises a new claim purporting to question the previously challenged judgment, the new claim was neither unripe nor unexhausted the first go-around, and the petitioner nevertheless failed to raise the claim, it is 'second or successive.'" (citation omitted)). Accordingly, the Court **TRANSFERS** the Petition to the Sixth Circuit. Moreover, because the Sixth Circuit treats such transfer orders as non-appealable, *Howard v. United States*, 533 F.3d 472, 474 (6th Cir. 2008), the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

will not consider new factual grounds in support of the same legal claim that was previously presented.").